IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOAQUIM NETO                    :
                                :
                                :
    v.                          :   Civil Action No. DKC 16-1056
                                :
RUSHMORE LOAN MANAGEMENT        :
SERVICES, INC., et al.          :

**MEMORANDUM OPINION AND ORDER**

After this court granted Defendants' motions to dismiss on March 7, 2017, Plaintiff filed a motion for reconsideration on March 20, 2017. (ECF No. 16). A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could

have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

Plaintiff's motion does not satisfy the standard of Rule 59, but merely reiterates arguments previously made and rejected. Nor is the case cited, *Hejazi v. Oliveri & Associates, LLC*, 2015 WL 3447660 (D.Md. May 27, 2015), of any help to Plaintiff. The underlying proceedings and the claims before this court presented different circumstances than those in that case. Therefore, Plaintiff's motion for reconsideration will be denied.

Accordingly, it is this 22nd day of June, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 16) BE, and the same hereby IS, DENIED; and

2. The Clerk IS DIRECTED to transmit a copy of this Memorandum Opinion and Order to Plaintiff and counsel for Defendants.

                                                          /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge